UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY DABBS,
   Plaintiff,

vs.                                     No. 08-1153

TAZEWELL COUNTY, et. al,
   Defendants

## MERIT REVIEW AND CASE MANAGEMENT ORDER

      This cause is before the court for a merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The pro se plaintiff has filed his complaint pursuant to 42 U.S.C. §1983 against five defendants Tazewell County, the Tazewell County States Attorney's Office, the Tazewell County Sheriff's Office, the Tazewell County Jail Superintendent and the Tazewell County Jail.

      The plaintiff says he is in jail awaiting trial and is represented by counsel. On June 18, 2008, the plaintiff says an Officer Spracklen entered his cell and began to search for any addresses, phone numbers, letters or other information from his ex-wife. The plaintiff was then questioned about his ex-wife and was told the States Attorney's Office was trying to serve his ex-wife with a summons.

      The plaintiff says he asked for his papers back and was told by Officer Spracklen that she was going to make copies for the States Attorney. The plaintiff says his papers including all of his legal documents and correspondence with his attorney.

      The plaintiff says his papers were returned later in the day, but were missing receipts, addresses, phone numbers and letters including some correspondence with his attorney. When the plaintiff asked for the rest of his documents, he was told the documents were photocopied and provided to the States Attorney's Office. The plaintiff says he informed his attorney about what happened at the jail.

      The plaintiff has failed to articulate a violation of his constitutional rights. Prison officials have an affirmative duty to provide inmates with meaningful, but not unconditional, access to the courts. *Bounds v. Smith,* 430 U.S. 817, 825 (1977). The withholding of legal

materials from inmates will not violate the right of access to the courts unless it prejudices a potentially meritorious legal challenge. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Marshall v Knight,* 445 F.3d 965, 968 (7th Cir. 2006). The plaintiff must show "some quantum of detriment caused by the challenged conduct." *Jenkins v Lane,* 977 F.2d 266, 268 (7th Cir. 1992). Simply alleging that the defendants caused a delay in ligation is not enough. "Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation." *Gentry v. Duckworth,* 65 F.3d 555, 559 (7th Cir. 1995).

The plaintiff has failed to allege that he was prevented from pursuing a legal claim or point to any prejudice he suffered as a result of the defendants' actions. In fact, the plaintiff admits that he was represented by counsel at the time.

The plaintiff next claims that on June 26, 2008, he was in line to receive medication and was mistakenly given the drug, Lithium, which was prescribed for a different detainee. The plaintiff says he then asked for his regular prescription, but was refused because the nurse on duty was concerned about the interaction with the Lithium. The plaintiff says he ate dinner and returned to his room. The plaintiff says he became sick and "spent the next 3-4 hours in a tranquilized state." (Comp, p. 8). The plaintiff says he also had difficulty breathing, but no one checked on his condition. The plaintiff does not say he requested any medical care.

The plaintiff has failed to state a claim upon which relief can be granted. First, the plaintiff has failed to name the proper defendants. Tazewell County, the Tazewell County States Attorney's Office, the Tazewell County Sheriff's Office, the Tazewell County Jail Superintendent and the Tazewell County Jail. The Sheriff's office and the State's Attorney's office are not a legal entities and thus not proper §1983 defendants. In addition, a local governmental unit can only be held liable under §1983 only if there is a direct causal link between a governmental policy or custom and a constitutional deprivation. *Monell v. New York City Department of Social Services,* 436 US 658, 694(1978). The plaintiff does not allege that any policy or custom at the Tazewell County Jail resulted in his alleged violations.

Second, the plaintiff has failed to allege that the Jail Superintendent had anything to do with the drug administered to the plaintiff on June 26, 2008. To be liable for a constitutional violation, a supervisory defendant need not have directly participated in the deprivation of rights, but he or she must have been personally involved in the deprivation. *Sanville v McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent." *Id.* It is doubtful the jail superintendent was involved in the dispensing of medication.

Third, even if the plaintiff had named the correct defendant, he has still failed to state a claim upon which relief can be granted. The plaintiff admits that he was given the wrong medication by "mistake." (Comp., p. 8) Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *Ford v. Page*, 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001). While it is troubling that the plaintiff alleges that no one checked on him after he took the

drug, the plaintiff has not alleged a violation of his Eighth Amendment rights.  The plaintiff does not allege that he suffered from a serious medical condition as a result.  *See Bates v. Sullivan,* 2001 WL 429245 at 2 (7th Cir.  2001)(shortness of breath and breathing problems not serous medical condition); *see also Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)(breathing problems, chest pains, dizziness, sinus problems and headache "not sufficiently serious to be constitutionally actionable." ).  The court will therefore dismiss the plaintiff's complaint.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed, with the parties to bear their own costs.**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4)  **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5) **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6) **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 4th day of August, 2008.

                **s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE